## QUO WARRANTO AGAINST CORPORATIONS FORMING AN ILLEGAL COMBINATION.

[Circuit Court of Logan County.]

THE STATE OF OHIO, EX REL WADE H. ELLIS, ATTORNEY-GENERAL,
v. THE KING BRIDGE CO. ET AL.

Decided, March 23, 1906.

*Monopoly—Quo Warranto to Oust Offending Corporations—Jurisdiction of Circuit Court—Service of Summons on Non-Resident Corporations—Joinder—Ouster—Words and Phrases—Statutes Construed.*

1. Quo warranto proceedings brought by the Attorney-General against several corporations to oust them from their corporate franchises on the ground that they have entered into an illegal agreement or conspiracy in restraint of trade and in violation of the anti-trust laws of the state, may be commenced in the circuit court of any county where one or more of the defendant corporations is situated or has a place of business, and process may issue thence to any other county where any other of the defendant corporations is situated .

2. For purposes of prosecution an illegal combination among corporations in restraint of trade exists in each and every county where its constituent members exist, and act; hence the contention is erroneous that quo warranto proceedings based upon such illegal combination must be brought in a county where the combination does business as a separate entity. ·

3. A service of summons on a corporation by leaving a certified copy thereof at the usual place of residence of the president does not answer the statutory requirements, is defective and will be quashed on motion.

4. A service of summons upon a foreign corporation by delivering a copy thereof to a superintendent of such company, "he being in charge of the usual place of doing business of said company," but it not appearing that he is the "managing agent" of said company, is defective and will be quashed if it appear that the corporation as required by Revised Statutes 148d, has designated another person as the one on whom process should be served. ·

HURIN, J.; NORRIS, J., and DONNELLY, J., concur.

The state of Ohio, upon the relation of its attorney-general, brings this action against the defendant bridge companies to

oust from their corporate franchises such of the defendant companies as are Ohio corporations, and to oust the remaining two defendant companies, which are foreign corporations, from the exercise of their rights, privileges and franchises to do business within this state.

As a ground for this action it is alleged in the petition that each of the defendant companies has misused the franchises, privileges and rights conferred upon it by law and has exercised the same in contravention of law in this, to-wit:   That said companies have entered into a conspiracy in restraint of trade, and have become parties to certain trust agreements set forth in the petition and have observed and do now observe and maintain the same; that such conspiracy and combination was entered into for the purpose of—

First.   Creating and carrying out restrictions in trade and commerce.

Second.   Increasing the price of merchandise and commodities.

Third.   Preventing competition in the sale of merchandise and commodities.

Fourth.   Fixing a figure whereby the price of merchandise and commodities to the public is to be controlled and established.

And, that in pursuance of such conspiracy the defendants agreed and bound themselves to keep the price of articles of merchandise and commodities at a fixed or standard figure and to preclude a free and unrestricted competition among themselves, and to pool, combine and unite their interests that the price might be affected.   Certain articles of agreement, alleged to be substantially copies of the alleged trust agreement of defendants, are set forth in detail in the petition and defendant companies are declared to be parties thereto and to be now observing and maintaining the same, all in violation of law.

As a second cause of action, the petition avers that a conspiracy has been entered into between the American Bridge Company and the other defendant bridge companies, whereby it was agreed that the American Bridge Company was to furnish preliminary estimates of bridges to the other defendant companies, and that the other defendant bridge companies were

to purchase the bridge material of the American Bridge Company, and of no other concern; that the defendants, by entering into said combination agreed to increase the price of bridges and bridge material and to combine to unite their bids for the sale of such material and to divide the excess above the proper cose of work among the parties to that agreement.

Certain interrogatories are attached to the petition, which the petition asks that defendants be required to answer.

Of the defendant companies, the Penn Bridge Company is alleged to be a corporation organized under the laws of Pennsylvania and duly admitted to do business in Ohio; the American Bridge Company is alleged to be a corporation duly organized under the laws of New Jersey and duly admitted to do business in Ohio; and all the other defendants are alleged to be Ohio corporations.

The court is asked to oust from their franchises and rights to do business in Ohio all of said companies and to appoint trustees for each of the Ohio corporations to settle their affairs as provided by statute. Summons was issued on this petition and the Canton Bridge Company and the Massillon Bridge Company, by their attorneys, have waived service and voluntarily entered their appearance and have filed their answers in this case. The Variety Iron Works Company does not appear to have been served with summons. Of the remaining defendants, the King Bridge Company, the Brackett Bridge Company, the Champion Bridge Company, the Adams Brothers Company and the American Bridge Company, have each filed a motion to quash the service of summons herein, alleging that this court has not jurisdiction over their persons. The Penn Bridge Company and the Mt. Vernon Bridge Company have filed demurrers to the petition, and the Penn Bridge Company and the Canton Bridge Company, and the Massillon Bridge Company have also filed demurrers to the interrogatories. The Columbus Bridge Company, the Bellefontaine Bridge & Iron Company and the Iron Substructure Company appear not to have filed any pleas or motions and are, therefore, in default.

The several motions to quash service filed by the King Bridge Company, the Brackett Bridge Company, the Adams Brothers Company and the Champion Bridge Company are all based upon the ground that as these defendants are manufacturing corporations located in the state of Ohio, but elsewhere than in Logan county, and not having their principal offices and places of business, or any officer or agent within the county of Logan, and having no officer or agent within said county upon whom service of summons might be served, no jurisdiction was acquired over their persons by a service in their home counties, nor can they lawfully be required to answer in Logan county to a petition filed herein. The Adams Brothers Company claims in addition that it has done no business of any kind in Logan county within five years last past and supports this claim by affidavit.

The Champion Bridge Company also objects to the form of the service upon it. An examination of the return of the sheriff discloses the fact that the Champion Bridge Company was served "by leaving for Peter Clevenger at his usual place of residence a true and certified copy" of the summons, "with all endorsements thereon, he being the president of the said the Champion Bridge Company," etc. This is an unusual form of service upon a corporation. It complies fully with the requirements of Section 5039 as to service upon an individual, but Section 5041 provides that "summons against a corporation may be served upon the president, mayor, chairman, or president of the board of directors or trustees, or other chief officer, or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; of, if none of the aforesaid officers can be found, by copy left at the office or usual place of business of such corporation with the person having charge thereof," etc. In the return before us, there is no statement that any of the chief officers of the Champion Bridge Company could not be found nor that the copy of summons was left at the office or at the usual place of business of the corporation with the person having charge thereof, as required by statute, nor was it served upon the president personally, but only by a copy left at his residence. The service, therefore, is clearly defective and the motion to quash service

on the Champion Bridge Company must, therefore, be sustained on this ground.

But no question is made as to the regularity of the form of the return of service upon the remaining defendants and the issue is squarely raised as to whether they, being located and having their principal offices and places of business in other counties and having no officers or agents, or offices in Logan county, can lawfully be sued here in a suit in quo warranto.

Section 6760 of the Revised Statutes provides for the bringing of an action in quo warranto against individuals in certain cases. Section 6761, Revised Statutes, provides that a like action may be brought against a corporation—

First. When it has offended against a provision of an act for its creation or renewal, or any act altering or amending such acts.

Second. When it has forfeited its privileges and franchises by non-user.

Third. When it has committed or omitted an act which amounts to a surrender of its corporate rights, privileges and franchises.

Fourth. When it has misused a franchise, privilege or right conferred upon it by law or when it claims or holds by contract or otherwise or has exercised a franchise, privilege or right in contravention of law.

Section 6762 provides that—

"The attorney-general or a prosecuting attorney, when directed by the governor, Supreme Court, or General Assembly, shall commence any such action; and when, upon complaint, or otherwise, he has good reason to believe that any case specified in the preceding section can be established by proof, he shall commence an action."

Section 6763 provides that—

"Such officer may, upon his own relation, bring such action, or he may, on leave of the court or a judge thereof in vacation, bring the action upon the relation of another person," etc.

Section 6768 provides that—

"An action under this chapter can be brought only in the Supreme Court, or in the circuit court of the county, in which

the defendant, or one of the defendants, resides, or is found, or, when the defendant is a corporation, in the county in which it is situated, or has a place of business; but when the attorney-general files the petition, the action may be brought in the Circuit Court of Franklin County.''

And Section 204 provides in similar terms that the attorney-general may prosecute any proceeding in quo warranto in the Supreme Court of the state, the Circuit Court of Franklin County, or the circuit court of any county wherein the company proceeded against has a place of business, or the officer or officers, person or persons, made defendants reside or may be found.

Section 6770 provides that—

''When the petition is filed without leave and notice, a summons shall issue and be served as in other cases; and such summons may be sent to and returned by the sheriff of any county, by mail,'' etc.

There can be no doubt that the petition in this case is based upon Section 6761 and upon the provisions of the so-called Valentine Anti-trust Law, embodied in Section 4427-1-2-3, to which I shall refer later; and if the facts alleged in the petition are true or believed by the attorney-general to be true, it becomes his duty under Section 6762 to commence a proceeding in quo warranto against all corporations believed to be guilty of the acts complained of.

But the objection here made to this proceeding is that under Sections 6768 and 204 this court has no jurisdiction as against these defendants, and that this action, if brought at all, should have been brought in another court; either in the Supreme Court or the Circuit Court of Franklin County, or the circuit court of that county where each separate defendant corporation is situated or has a place of business.

Had any one of the defendant corporations, which are non-residents of Logan county, and which file these motions to quash service, been sued alone in Logan county, there would probably be no question as to the correctness of the position thus taken.

But one of the defendants, the Bellefontaine Bridge Company, appears to be located in Logan county; true there is no allegation

in the petition to that effect, but none was necessary, if, as a matter of fact, it appears that such is the case. The return of summons shows personal service upon its president by the sheriff of this county, and its location here is not denied, but is admitted in argument. As against that defendant, the Bellefontaine Bridge Company, there seems to be no question, therefore, as to the right to bring this action in Logan county. Does this right carry with it the right to here join non-resident corporations?

The gist of this action as set forth in the petition is not merely the violation of law by any one of these defendant corporations but the conspiracy and combination alleged to have existed among them all. If it is proper for the attorney-general under the law to attack such a conspiracy or combination, it is necessary for him to make all the conspirators parties to a single suit, otherwise there would be an almost endless multiplicity of suits. This alleged conspiracy comprises corporations widely scattered as to their location. In no one county of the state, other than Franklin county, could all be found.

True, they might all have been sued, under the statute, in Franklin county, either in the Supreme Court or circuit court, but unless an entirely different rule must be applied to corporations from that applying to individuals, there would seem to be no reason why this court should not acquire jurisdiction over all when it acquires jurisdiction over one, for by Section 5035, "When the action is rightly brought in any county, according to the provisions of the preceding chapter, a summons may be issued to any other county against one or more of the defendants, at the plaintiff's request." And that previous chapter, thus referred to, includes Section 5023, which provides that an action against a corporation created under the laws of this state may be brought in the county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president, chairman, or president of the board of directors or trustees or other chief officer, etc. If the charges of conspiracy made in the petition against the Bellefontaine Bridge Company are

true, or are believed by the attorney-general to be true, and if the acts charged are in violation of law as there claimed, then it follows that, as to that corporation, the action is rightly brought in Logan county. If rightly brought here and if the co-defendants are properly joined, the right to issue summons to other counties for those defendants follows under Section 5035.

But it is claimed that the statute (Section 6768) limits the jurisdiction of courts in quo warranto proceedings and that the general laws do not apply and thus, inferentially, it is claimed that Section 5035 can not apply.

A distinction is sought to be made by counsel from the wording of Section 6768 as to corporations. That statute provides that "an action under this chapter can be brought only in the Supreme Court, or in the circuit court of the county in which the defendant, or one of the defendants resides or is found." If this were all of the section there would be no question, probably, as to the right to bring this action in Logan county. But the statute adds the following: "Or, when the defendant is a corporation, in the county in which it is situated or has a place of business." It is claimed by counsel for the defendants that the addition of this expression shows that the legislative intention was to differentiate suits against corporations from suits against individuals; that, whereas an action in quo warranto against individuals can be brought in the circuit court of the county in which any one of the defendants can be found, yet as to corporations it can only be brought in that county in which each corporation is situated or has a place of business. No reason for making such a distinction has been suggested to us nor do we think that such is a fair construction of the statute.

The expressions "reside" and "is found" used in the first part of the statute are proper and applicable with reference to individuals and not improper as applied to corporations, but to avoid any cavil as to such applicability, the statute further declares that where the defendant is a corporation, the action may be brought in the county in which it is situated or has a place of business. This can not reasonably be inter-

preted as avoiding or contradicting the former part of the statute, or limiting the bringing of actions against corporations to those which may be found in the same county, while in the same kind of an action individuals residing in a score of counties might be sued in any one of those counties. Such a distinction involves a partial nullification of the former part of the section, and would compel the state to burden the courts in Franklin county with all the controversies of this nature in which two or more corporations are involved whether any of such corporations are located in Franklin county or not, provided only that no two of them are located in the same county.

If it should be interpreted as we are asked by defendants to interpret it, it would mean that individuals forming an illegal combination can be sued in quo warranto in any county where one of them can be found, but that corporations forming an exactly similar combination can only be sued in quo warranto in the courts of Franklin county, unless all the wrong-doing corporations happened to be located in one county. We know of no sanctity attached to corporations which would justify such an exemption, nor do we believe that we are justified in straining the natural meaning of the words of the statute so as to give them such interpretation.

The expression "situated or has a place of business" has, for a corporation, the same meaning as "resides" has for an individual, and for the purpose only of clearing up this meaning was the expression added, in our judgment, and not at all for the purpose of indirectly limiting the number of defendant companies that could be sued in one action; nor does the fact that Section 6768 provides in its last clause that the attorney-general may bring the action in Franklin county aid such a construction as is claimed.

The fact that the office of the attorney-general of the state is located in Franklin county and that his manifold duties require his constant attendance there, would seem to furnish a sufficient reason for this additional privilege thus given him. But that it is merely an additional privilege for the state officer seems manifest from the fact that the right to bring such actions in general is not confined to the attorney-general, but

extends to the prosecuting attorneys of each of the counties to whom this particular privilege is denied, their powers not extending beyond their own counties; and from the further fact that the right thus given to the attorney-general to sue in Franklin county is not limited to actions in quo warranto against corporations, but is general in its application to individuals as well as corporations.

It is also claimed by counsel in oral argument that this last clause means that the attorney-general can only bring the suit against corporations in Franklin county, while a prosecuting attorney can bring it wherever one of the defendants resides. This is a contention plainly untenable and is an attempt at a literal construction of one clause, ignoring all others. If tenable at all, it would confine the attorney-general to the Circuit Court of Franklin County, for that is the literal wording of the clause and would exclude him from the Supreme Court, to which, by all the related statutes, he is given access. The argument, if it can be called such, proves too much and must fall to the ground.

But we are not left to any conjecture as to this point for Section 210, defining the duties of the attorney-general, provides that "he may prosecute any action, information or other suit in behalf of the state, or in which the state is interested, other than prosecutions by indictment, in the court of appropriate jurisdiction in Franklin county, or in the court of appropriate jurisdiction in any other county in which the defendant, or any one or more of the defendants, reside, or are found, as he prefers," and the latter part of that section limits his right to sue in Franklin county in certain cases to actions involving more than five hundred dollars, and so certified. This statute is general in its application to all defendants, corporate and individual, and under its provisions this action could plainly be brought in Logan county unless some reason more weighty than any which have been presented to us exists for applying to it a limitation not found in its terms, and not, as we have seen, expressly or by fair implication found in any of the related statutes.

It thus appears that, both by the rules applicable generally to suits against corporations, as laid down in Sections 5023,

5035 and 210, Revised Statutes, and by the express wording of the statutes relating to quo warranto proceedings, the right exists to bring the suit in any county where one of the defendant corporations may be found. The only limitation is as to the proper joinder of the defendants. To that I will refer later.

If there remained any doubt as to the existence of this right, it would be destroyed by a reading of Sections 4427-1 and 2. This is known as the Valentine Act. Section 4427-1 defines a trust as "a combination of capital, skill or acts, by two or more persons, firms, partnerships, corporations, or associations of persons, or of any two or more of them, for either, any or all of the following purposes;" and then follow five statements of wrongful aims or purposes which the petition in this case has closely followed.

Section 4427-2 provides that—

"For a violation of any of the provisions of this act by any corporation or association mentioned herein, it shall be the duty of the attorney-general, or the prosecuting attorney of the proper county, to institute proper suits or quo warranto proceedings in the court of competent jurisdiction in any of the county seats in the state where such corporation or association exists or does business or may have a domicile. And when such suit is instituted by the attorney-general in quo warranto, he may *also* begin any such suit in the Supreme Court of the state, or the Circuit Court of Franklin County for the forfeiture of its charter, rights, franchises or privileges and powers exercised by such corporation or association and for the dissolution of the same under the general statutes of the state."

Here, too, we find an additional right or privilege given to the attorney-general to bring such actions in Franklin county; not as a limitation upon his powers otherwise conferred but, as shown by the word "also," a new power expressly given as an addition to his right to sue in any other county.

The sole object of the anti-trust law as expressed in these statutes (4427-1 and the following sections) is the destruction of trusts or unlawful combinations of persons, firms, partnerships, corporations or associations, or of any two or more of them; that is, of any two or more corporations as well as two or more persons, firms, partnerships or associations. With this

as the object of the law, it would be a strange construction that would prevent such corporations from being joined in an action to accomplish the very object for which the statute was enacted.

And to still further facilitate the process of destruction, it is provided in Section 11 of that act that "whenever it shall appear to the court before which any proceedings under this act may be pending, that the ends of justice require that other parties shall be brought before the court, the court may cause them to be made parties defendant and summoned, whether they reside in the county where such action is pending or not." It is well argued by counsel for plaintiff that if this can be done at a later stage of the case, it can and should be done at the beginning.

The general law (Sections 5023 and 5035) authorizes the joinder of corporations in a suit in any county where one of them may be found. To take from specific statutes governing such suits, their plain meaning in order to exclude from them a class of combinations which they are expressly designed to include, violates every principle of legal construction and is contrary to sound sense and fairness.

If the object of this proceeding were merely the ouster of the separate defendant corporations for individual wrong-doing, there might be more reason for the claim here made, but, as I said before, the gist of this action is in the unlawful combination of all the corporations defendant. Its purpose is the breaking up of the trust alleged to exist. The acts of all the alleged conspirators are necessarily in question and all are necessary parties to the action, in order that they may explain and defend, if possible, the charges of combination made against them all. Nor can the fact that some of them have never, as individual corporations, done business in Logan county, affect their rights. If it is true, as alleged, that they have been caught in bad company, combining for unlawful purposes, it is the evil combination for which they must now give account and not any particular business transactions as individuals.

It was claimed in argument that unless the corporations combined to do business in Logan county or some other specific county, they can not be reached by quo warranto, but that some

other remedy as injunction, must be sought, and further, that only where the combination does business as a corporate entity can quo warranto be brought. We do not so understand the law.

The illegal act complained of here is the wrongful combination of the defendant companies. That combination exists, if at all, in each and every county where its constituent members exist and act. The consent to the wrong and the acts done by virtue of that consent emanate from each individual wrong-doer and no hair-splitting psychological distinction can be indulged in to define the precise moment or place when and where the thought, the wrongful intent, the clandestine purpose, the illegal combination, ripened into acts of purchase and sale, which are themselves no more unlawful than the unlawful intent, which gave them birth.

As to the domestic corporations, who have filed motions to quash service, the motions must for these reasons be overruled.

The American Bridge Company files a similar motion, alleging in addition that it is a corporation organized under the laws of New Jersey; that it has by compliance with the laws of Ohio, secured the privilege of exercising its franchises in this state; that in pursuance of the laws of Ohio, it has designated Clarence E. Sanders as the person upon whom process against said corporation may be served in this state; that said Sanders has an office in the city of Cleveland; that it has no office or agent in Logan county, upon whom service might be made; that in this case, a summons was sent to Lucas county and service made upon one M. J. Riggs, at Toledo, in said county; that said Riggs was not the managing agent of said defendant, nor the person designated as the one on whom service ought to be made. It, therefore, claims that the service should be quashed.

It is also claimed for it, in argument, that having designated Cleveland as the place where its agent may be served, it can only be served there.

For the same reasons as those given in relation to the domestic corporations, we are unable to take this view of the matter as to the place of service. And there is this additional reason why the company should be held amenable in this action; that the

petition avers that this foreign corporation was doing business
with each of the defendant companies and furnishing materials
to them.  Its operations, therefore, must have extended, if this
petition is true, to every county where any of the defendant
corporations has been doing business, and, therefore, among
other counties, to Logan county, where this action is brought.

But, it is further objected that the return of summons shows
that the American Bridge Company was served by delivering
a copy of the summons to M. J. Riggs, superintendent of said
company, "he being in charge of the usual place of doing busi-
ness of said company." The summons appears to be directed to
the sheriff of Lucas county and the presumption probably is
that it was served there..

If the facts alleged in the motion of the American Bridge
Company are true, then it is apparent that Section 148d,
Revised Statutes, which provides that foreign corporations must
designate a person upon whom service of summons may be made
has been complied with by this company, and that service in
this case has not been made upon him.

There is no averment in the sheriff's return that M. J. Riggs
is the "managing agent" of said company.  He is described
merely as a superintendent.  This does not appear to be a
proper service and the motion to quash service on the American
Bridge Company must be sustained.

It may be proper, however, to state that were it not for this
defect in the form of service, the ruling of the court on this
motion to quash would, on its merits, be necessarily the same
as in the case of the motions of the domestic corporations, whose
motions are overruled; and this suggestion, of course, applies
equally to the motion of the Champion Bridge Company, which
we have found to have been improperly served.

Coming now to the demurrers to the petition; the demurrer
of the Mt. Vernon Bridge Company is upon two grounds:

First.  That this court has no jurisdiction over the defendant
herein or of the subject-matter of the action.

Second.  That separate causes of action against the several
defendants in this case are improperly joined.

As to the jurisdiction of this court over the defendant, this is but another form of the same objection made in the motions to quash service and needs no further discussion.

As to the jurisdiction over the subject-matter of this action, it is, in our opinion, clearly conferred both by Sections 6768 and 4427-2, for reasons already given. The demurrer on this ground must, therefore, be overruled.

As to the second ground of the demurrer, improper joinder, it suffices to say that if the action were not based on the ground of a conspiracy among all the defendants, and if it were merely a suit attacking the individual defendants, this ground of demurrer might properly be sustained, but where the whole action is based, not on the wrong-doing of individual corporations, but upon the illegal combination and conspiracy of all of the members, there are no separate causes of action against the several defendants pleaded. This demurrer must also be overruled.

The Penn Bridge Company demurs to the petition on three grounds:

First. That the petition does not state facts sufficient to constitute a cause of action.

Second. Because there is a misjoinder of parties defendant.

Third. That separate causes of action against several defendants are improperly joined.

Holding the views already expressed, all three grounds are, in our judgment, improperly taken, for reasons already given, and this demurrer must also be overruled.

The demurrers to the interrogatories are, as we understand, by consent of all the parties, to be held in abeyance and will, therefore, not be passed upon at this time.

*Wade H. Ellis*, Attorney-General, for plaintiff.

*Kline, Tolles & Goff, Squire, Sanders & Dempsey, Booth, Keating & Peters, Phelps & David, John Herron, Samuel West, James J. Grant, F. M. Clevinger*, for defendants.